# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| CHARTWELL AMERICAS LLC | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:26-CV-2852-S |
| | § | |
| CHARTWELL PARTNERS, LTD. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Chartwell Americas LLC's Unopposed Motion for Leave to [sic] Its Appendix Under Seal ("Motion to Seal") [ECF No. 24]. Having reviewed the Motion to Seal and the applicable law, the Court **GRANTS** the Motion to Seal.

## I. BACKGROUND

Plaintiff filed this lawsuit on August 25, 2026. Defendant Chartwell Partners, Ltd., appeared and filed its Motion to Dismiss Plaintiff's First Amended Complaint ("Motion to Dismiss") [ECF No. 10] pursuant to Federal Rule of Civil Procedure 12(b)(2). On November 11, 2026, Plaintiff filed its Response in Opposition to the Motion to Dismiss ("Response") [ECF No. 22], along with a redacted version of its Appendix to the Response ("Appendix") [ECF No. 23]. On the same day, Plaintiff sought leave to file the unredacted version of its Appendix under seal. Mot. to Seal, Ex. A [ECF No. 24-1].

## II. LEGAL STANDARD

Pursuant to Local Civil Rule 79.3(b), "[i]f no statute or rule requires or permits a document to be filed under seal, a party may file a document under seal only on motion and by permission of the presiding judge." No statute or rule requires or permits sealing here; therefore, the Court must determine whether sealing is warranted. The Court "heavily disfavor[s] sealing information placed in the judicial record." *June Med. Servs.*, 22 F.4th at 519-20. In determining whether a

document should be sealed, the Court undertakes a "document-by-document, line-by-line balancing of the public's common law right of access against the interests favoring nondisclosure." *Binh Hoa Le*, 990 F.3d at 419 (internal quotation marks and citation omitted). This standard is "arduous," and the balancing test is stricter than it is at the discovery stage. *June Med. Servs.*, 22 F.4th at 521 (citation omitted). "[T]he working presumption is that judicial records should not be sealed." *Binh Hoa Le*, 990 F.3d at 419 (citation omitted).

**III. ANALYSIS**

Plaintiff seeks leave to file the unredacted version of its Appendix under seal. Mot. to Seal 1. According to Plaintiff, the Appendix "consists largely of internal business emails between the parties' personnel," and the "redacted information includes client and speaker identities tied to particular bookings, fees paid by clients, net fees paid to speakers, commission splits, and wire and account details." *Id.* Plaintiff argues that disclosure of this information would "give competing bureaus leads they could use to solicit those clients or speakers" and "let competitors compare the gross and net economics of individual bookings and use that information to undercut offers or negotiate against the parties or their speakers." *Id.* at 2-3. Further, Plaintiff contends that the proposed redactions "protect financial-account identifiers and wire details that could be misused to impersonate a payee or divert a payment." *Id.* at 3.

The Court concludes that it is proper to seal the unredacted Appendix. Specific allegations regarding competitive harm, like the allegations set forth by Plaintiff here, support sealing or redaction. *See Vantage Health Plan, Inc. v. Willis-Knighton Med. Ctr.*, 913 F.3d 443, 451 (5th Cir. 2019). And courts have found that nondisclosure is warranted to protect sensitive information like the "confidential information of third parties." *Frank Surveying Co. v. Manhard Consulting, Ltd.*, No. 3:22-CV-2837-B, 2024 WL 3015535, at *3 (N.D. Tex. June 14, 2024); *see also MIECO LLC*

*v. Pioneer Nat. Res., USA, Inc.*, No. 3:21-CV-1781-B, 2022 WL 18034481, at *2 (N.D. Tex. Oct. 28, 2022) ("The interest supporting sealing, namely protecting the confidential information of third parties, outweighs the public's common law right of access for the identified information."). Further, because the proposed redactions are narrowly tailored to protect only privileged information, the Court finds that the interests in support of nondisclosure outweigh the public's common law right of access to the redacted information contained in the Appendix. *See United States v. Planned Parenthood Fed'n of Am.*, No. 2:21-CV-022-Z, 2023 WL 8116198, at *4 (N.D. Tex. Aug. 4, 2023) ("[A]ppropriate redaction rather than sealing is the preferred means of achieving privacy balanced with the public's right of access." (alteration in original) (citation omitted)). As such, the Court will maintain the redacted Appendix on the public docket and permit Plaintiff to file the unredacted Appendix under seal.

## IV. CONCLUSION

For the reasons discussed above, the Court **GRANTS** Plaintiff Chartwell Americas LLC's Unopposed Motion for Leave to [sic] Its Appendix Under Seal [ECF No. 24]. The Court **DIRECTS** Plaintiff to file the unredacted version of the Appendix [ECF No. 24-1] under seal.

**SO ORDERED.**

SIGNED November 17, 2026.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**